**ORIGINAL**

FILED
MAY - 2 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT W. FORD, JR.,

        Plaintiff,

Case No.: 04-CV-73225-DT

HON. VICTORIA A. ROBERTS
vs.                             MAG. JUDGE WALLACE CAPEL, JR.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Before the Court is "Defendant's Motion to Dismiss," filed in the Eastern District of Michigan, on October 28, 2004. At issue is whether Plaintiff's Complaint should be dismissed because it was not filed within the statutory time limit of 42 U.S.C. § 405(g).

Plaintiff, Robert W. Ford, Jr., seeks judicial review of a final decision of the Commissioner of Social Security, which found that he was not disabled, and denied his claim for benefits. The Notice of Appeals Council Action dated June 4, 2004, specifically informed Plaintiff that he had sixty days after he received the Notice to file a civil action to review the decision. The Notice also informed Plaintiff that the Appeals Council assumed that he received the Notice five days after the date on it unless he could show that he did not receive it within the five day period. The Notice went on to state that if Plaintiff could not file for court review within sixty days, he could ask the Appeals Council to extend his time to file.

1

Plaintiff filed his petition for judicial review on August 25, 2004, thirteen days after the August 9, 2004, deadline. Plaintiff has not filed a response to the Defendant's Motion, or proffered any explanation for his failure to file in a timely manner.

## II.   LAW

The Social Security Act provides in relevant part that:

> Any individual after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

The sixty day period for filing an action for review of denial of a claim is not jurisdictional, but rather a period of limitation, which must be strictly constructed. Bowen v. City of New York, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029 (1986).

The regulations provide that a civil action must be commenced within sixty days after Notice of the Appeals Council decision is received by the individual. *See* 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.981, 416.1481. The regulations further provide that receipt of Notice of the Appeals Council's decision is presumed two days after the date of Notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.901, 416.1401; 404.1715(b).

In Bowen, the Supreme Court held that traditional equitable tolling principles were applicable to the sixty day appeal period set forth in § 405 (g). Bowen, 476 U.S. at 480. The test for determining whether equitable tolling is appropriate was set out by the Sixth Circuit in Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988). Andrews required the court to consider five factors when

determining the appropriateness of equitable tolling: 1) the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) the petitioner's reasonableness in remaining ignorant of the legal requirements for filing his claim. The plaintiff bears the burden of establishing the equitable tolling exception. Courtney v. La Salle Univ., 124 F.3d 499, 505 (3rd Cir. 1997).

The Sixth Circuit has consistently upheld the proper application by a district court of the limitation period contained in § 405(g). *See* Day v. Shalala, 23 F.3d 1052, 1058 (6th Cir. 1994). Only in cases where equity favors extending the filing period should the courts extend the time allowed for commencing a civil action. Bowen, 476 U.S. at 480-81.

### III. ANALYSIS

Plaintiff has not responded to the Defendant's Motion, or contended that he did not receive the Appeals Court's Notice. Plaintiff, therefore, has failed to rebut the regulatory presumption that he received the Notice from the Appeals Council within five days from mailing. Based upon the June 4, 2004, date on the Notice, Plaintiff must have filed the action by August 9, 2004, in order for the action to be considered timely. Plaintiff does not dispute that his case was filed on August 25, 2004, and is therefore, untimely.

Plaintiff also failed to identify any grounds for applying equitable tolling in this case, and the five factors to be considered by the court to determine the appropriateness of equitable tolling do not weigh in Plaintiff's favor. The first two factors the court considers is: 1) lack of notice of the filing requirements; and 2) lack of constructive knowledge of the filing requirement. Plaintiff has not established lack of notice in this case. The Notice from the Appeals Council clearly stated that

Plaintiff had sixty days after receipt of the Notice to file a civil action to review the decision, and that it was assumed that he received the Notice five days after the date on the decision unless he could show that he did not receive the Notice in that period.

Plaintiff also failed to establish the third factor that he was diligent in pursuing his rights. Plaintiff was clearly advised of the sixty day time period, and the steps necessary to request an extension of time to file a civil action from the Appeals Council. Plaintiff offers no evidence that he asked for an extension, and provides no explanation for his failure to file in a timely manner. Plaintiff offers no facts to demonstrate that he was prevented in some way from asserting his rights.

The fourth factor is absence of prejudice to the respondent. Defendant in this case would suffer prejudice. The Supreme Court in Bowen noted that the limitations embodied in § 405(g) serve as a mechanism "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Bowen, 476 U.S. at 481.

The fifth factor is the Petitioner's reasonableness in remaining ignorant of the legal requirements of filing his claim. This factor does not apply because Plaintiff was aware of the legal requirements of filing his claims.

I conclude, therefore, that Plaintiff failed to file in a timely manner, and that equitable tolling would not be appropriate in this case.

## IV.   CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendant's Motion be **GRANTED**, and Plaintiff's Complaint be **DISMISSED**.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this

4

recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

_____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

Date: **MAY 02 2005**

ORIGINAL 

**CERTIFICATION OF SERVICE**

UNITED STATES OF AMERICA )     CASE NO.: 04-CV-73225-DT
                                 ) ss
EASTERN DISTRICT OF MICHIGAN )

I, the undersigned, hereby certify that I have on the 2nd day of May 2005, mailed copies of the "Report and Recommendation," in the foregoing cause, pursuant to Rule 77(Davenport), Fed.R.Civ.P., to the following parties:

Honorable Victoria A. Roberts
United States District Judge
231 W. Lafayette, Room 123
Detroit, Michigan 48226

Robert W. Ford, Jr.
15810 Murry Hill
Detroit, Michigan 48227

Janet L. Parker
United States Attorney's Office
101 First Street, Suite 200
Bay City, Michigan 48708

Social Security Administration
Office of the Regional Counsel
200 W. Adams, 30th Floor
Chicago, Illinois 60606

Marsha Heinonen
Deputy Clerk